1 F.3d 1233
 62 Fair Empl.Prac.Cas. 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Gardner GORE, JR., Plaintiff-Appellant,
v.
PEE DEE FARM CREDIT SERVICE; Farm Credit Bank of Columbia,
Defendants-Appellees.
 No. 92-2445.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 9, 1993.
Decided: August 17, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 ARGUED: Craig Lewis Berman, Cromer & Mabry,for Appellant.
 Vance J. Bettis, Gidnilliat, Savitz & Bettis, for Appellees.
 ON BRIEF: James Lewis Mann Cromer, Cromer & Mabry, for Appellant.
 Julian H. Gignilliat, Gignilliat, Savitz & Bettis, for Appellees.
 D.S.C.
 AFFIRMED
 Before ERVIN, Chief Judge, and HAMILTON and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 J. Gardner Gore, Jr. brought this action against Pee Dee Farm Credit Service ("Pee Dee") and Farm Credit Bank of Columbia, alleging two acts of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. # 8E8E # 621 to 634. Gore first alleged that Pee Dee, his former employer, improperly forced him to resign his post as President of Pee Dee and accept a lesser position as branch manager. Gore also alleged that his employer then demanded that he accept early retirement by December 31, 1988, or be terminated. Gore appeals the district court's grant of the defendants' motion for summary judgment.* Finding no merit in Gore's appeal, we affirm.
 
 
 2
 * Gore became an employee of the Federal Land Bank Association ("FLBA") of Sumter, South Carolina in 1962. Gore continued in employment with FLBA for over twenty years, advancing up through the ranks ultimately to become President of the Sumter association.
 
 
 3
 In 1984 the Sumter FLBA merged with several other area FLBAs to achieve greater operating efficiencies. The merger resulted in Pee Dee, and Gore became president of that organization in 1986.
 
 
 4
 In March 1987, Gore was allegedly forced to resign from his post as President of Pee Dee and assume the position of branch manager of the Sumter office of Pee Dee. Gore contends that Jack Shuler, his replacement as President of Pee Dee, then told Gore that Pee Dee was in the process of implementing an early retirement program. According to Gore's testimony, Shuler told Gore that he would be required to take early retirement by year-end or be terminated. Gore indicated in his deposition that he believed that this Hobson's choice represented age discrimination and that he had no choice but to take early retirement. Gore conveyed this decision to Shuler on August 22, 1988, and retired on December 31, 1988.
 
 
 5
 Gore filed a charge of age discrimination with the State Human Affairs Commission and the Equal Employment Opportunity Commission on June 20, 1989, alleging acts of discrimination stemming from his demotion from President to branch manager and his subsequent "forced" early retirement. In order for Gore's claims to be actionable, he must have filed these charges within three hundred days of the date of alleged discrimination. 29 U.S.C. Sec. 626(d).
 
 II
 
 6
 Our review of the record, the district court's findings of facts and conclusions of law, and the arguments of counsel discloses that Gore's charges of discrimination were not timely filed. Therefore, Gore has failed to establish a prerequisite to the maintenance of this action in the district court. Because the district court adequately dealt with each of Gore's assertions regarding the inapplicability of the three-hundred day time-bar, we affirm for the reasons stated in its opinion. Gore v. Pee Dee Farm Credit Serv., No. CA-90-825-3-17 (D.S.C. Oct. 15, 1992).
 
 AFFIRMED
 
 
 *
 Originally the district court denied the defendants' motion for summary judgment, and the defendants appealed to this court. Gore filed a motion to dismiss the interlocutory appeal as premature, and we held the motion to dismiss in abeyance so that the defendants could return to the district court for certification of the appeal pursuant to 28 U.S.C. Sec. 1292(b). The district court heard oral argument on the issue of certification on September 11, 1992, and, upon considering the motion, determined its earlier decision to be in error. Therefore, the district court vacated the denial of summary judgment and entered an order granting summary judgment on October 15, 1992. At that time the defendants voluntarily dismissed the earlier appeal. As a grant of summary judgment is a final disposition appealable pursuant to 28 U.S.C. Sec. 1291, we now have the issues properly before us for review